QUESTION: What recourse is available to the applicant for an active broker's registration, and what is the obligation of the Real Estate Commission if a real estate broker fails to execute the affidavit required by s. 475.17(3), F.S.?
SUMMARY: A broker's failure to execute the apprenticeship affidavit required of him by s. 475.17(3), F.S., for reasons which are prohibited by Rule 21V-2.25, F.A.C., gives the applicant recourse to the formal complaint procedures set out in s. 475.26, F.S., et seq., as modified by Ch. 74-310, Laws of Florida. The Real Estate Commission's general obligation to investigate to ascertain violations of Ch. 475, F.S., would charge the commission with the responsibility to investigate. Section475.17(1), F.S., provides, inter alia: . . . An applicant for an active broker's registration . . . shall be required to make it appear that he is competent and qualified to make real estate transactions and conduct negotiations therefor, with safety to investors and to those with whom he may undertake a relationship of trust and confidence. To implement this statute and to demonstrate his competence and qualifications, subsection475.17(3) requires the applicant to: . . . make it appear that he has served an apprenticeship as a registered real estate salesman, with and under the instructions and guidance of a registered real estate broker of the state, for at least twelve consecutive months . . . and the broker shall be required to furnish an affidavit to the Commission, on a form provided for that purpose, that the salesman has satisfactorily completed his apprenticeship, is qualified, and has the ability and integrity to be a real estate broker. (Emphasis supplied.) Thus, the supervising licensed broker is required to furnish an affidavit to the commission which verifies a successful completion of the applicant's apprenticeship, i.e., that he or she is ". . . qualified, and has the ability and integrity to be a real estate broker." You do not indicate the circumstances under which the supervising broker has refused to execute the required affidavit. Clearly, if the supervising broker cannot in good conscience swear under the terms of the statute, he cannot be required by anyone to falsely execute the affidavit. An applicant must have served his apprenticeship in such a manner that the broker can honestly affirm the applicant's qualifications, ability, and integrity. However, I would point out that the Florida Real Estate Commission has further implemented the requirements of s. 475.17(3), F.S., by requiring that no broker shall place any qualification or condition upon his execution of the broker's affidavit, other than those implied by the statute. By Rule 21V-2.25, Florida Administrative Code, the commission has declared that: No broker shall demand of or impose upon his apprenticing salesman, as a prerequisite to furnishing an affidavit of satisfactory completion of apprenticeship and competency that such salesman meet any other conditions such as, but not limited to, compensation or continued employment on becoming registered as a broker. Any such condition demanded or imposed is declared to be contrary to subsection 475.25(1), Florida Statutes. If the situation you have described to me occurred because the supervising broker has refused to execute the required affidavit for reasons prohibited under Rule 21V-2.25, F.A.C., then the commission has specifically declared such a refusal on the part of the broker ". . . to be contrary to section475.25(1)(a), Florida Statutes," which prescribes the grounds for the revocation or suspension of licenses by the commission. Thus, if the applicant for a broker's license wishes to allege that his supervising broker is in violation of Rule 21V-2.25, F.A.C., then the applicant may follow the complaint procedures set out in s. 475.26, F.S., et seq., to bring the matter before the Real Estate Commission. Section 475.26, et seq., provides procedures for complaint, information, hearing with presentation of testimony and evidence before an examiner, and issuance of a final order based upon the proceedings. Of course, the new Administrative Procedure Act, Ch. 74-310, Laws of Florida, would be controlling wherever these procedures differ. The general statutory obligations of the commission are set out in s. 475.04(1), F.S., wherein the Legislature has declared that the Real Estate Commission ". . . shall investigate persons doing a real estate business in this state to ascertain if they are violating any of the provisions of this chapter." Although I find no specific statement of the commission's duty to take affirmative action upon the refusal of the supervising broker to execute the affidavit, its general obligation to investigate to ascertain violations of Ch. 475, F.S., would charge the commission with the responsibility to investigate in the situation which you have described. Section 475.26 provides that the chairman of the commission: . . . shall permit an information to be filed with the commission, by an authorized representative of the commission, or some other person having knowledge, information or belief concerning the facts . . . [when a complaint filed with the commission, or the commission's own investigation] shall make it appear . . . that there is reason to believe . . . that the registration of a registrant probably should be revoked or suspended . . . . Finally, since s. 475.18(1), F.S., provides for amendment of the registrant's application once when . . . from the application filed, or the replies of persons, designated by the applicant, to inquiries by the Commission concerning his qualifications, or from their failure to reply thereto fully, or from answers to inquiries, or the failure to fully answer inquiries, pertinent to his qualifications . . . it shall not affirmatively appear that the applicant possesses the necessary residence, character and general competence and qualifications required by this chapter . . ., then presumably a finding by the commission that the applicant's supervising broker had refused to execute the affidavit in violation of Rule 21V-2.25, F.A.C., could be supplied as an amendment to the application to explain the absence of the supervising broker's affidavit supporting the application.